IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 12-cr-513 |
| | : |         12-cr-437 |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 42, 44, 45] |
| v. | : | |
| | : | |
| BENJAMIN G. GATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

On May 31, 2022, Defendant Benjamin Gates filed a pro se motion asking this Court to recommend to the Bureau of Prisons ("BOP") that Gates serve 12 months in a halfway house before he is released from federal custody. Defendant is currently scheduled to be referred to a halfway house five months and 17 days before his June 21, 2023 release date.

On July 11, 2022, the Court appointed a public defender for Defendant and, nine days later, the public defender filed a supplement to Defendant Gates's motion. On August 4, 2022, the government filed its opposition to Gates's motion.

For reasons detailed below, the Court **GRANTS in part and DENIES in part** Defendant's request for a judicial recommendation of twelve months. The Court instead recommends to the BOP that defendant be referred to a reentry program nine months ahead of his release date.

    I.      ANALYSIS

Whether an inmate is placed in a community correctional facility is within the

Case No. 22-cr-66
GWIN, J.

BOP's discretion.[1] In evaluating such potential placement, the BOP must consider, among other factors, the sentencing court's statements (a) concerning the purpose for which a defendant's sentence was determined to be warranted or (b) recommending a type of penal or correctional facility as appropriate.[2]

In making this today recommendation, the Court considers several factors. First, the Court notes that Defendant has contracted COVID-19 twice while in custody and claims that those past infections have caused him to experience lingering health issues. These lingering effects, that Defendants says include shortness of breath, excessive fatigue, and disrupted sleep, may impact Defendant's ability to find work upon reentry.[3]

Second, the Court notes that although Defendant has a history of substance abuse and is on the waiting list for a Non-Residential Drug Abuse Treatment Program, Defendant has no serious prison disciplinary infractions and no incident reports related to the use of alcohol or drugs.[4]

Finally, the Court notes that the BOP officer who assessed Gates recommended that Gates be referred to a residential reentry center for up to 7 months before Gates's release—significantly longer than the five months and 17 days for which Gates was ultimately approved.[5]

At the same time, Defendant's request that he be referred to a halfway house 12 months ahead of his release date has been partially mooted by the fact that his June 21, 2023 release date is fewer than 12 months away.

---

[1] 18 U.S.C. § 3621(b).
[2] *Id.*
[3] Doc. 24 at PageID #: 148.
[4] Doc. 24 at PageID #: 156, Doc. 27-2 at PageID #: 173.
[5] Doc. 27-2 at PageID #: 174.

Case No. 22-cr-66
GWIN, J.

The Court will instead recommend to the BOP that Defendant be referred to a reentry program either (a) nine months before his scheduled release or (b) as soon as he completes his drug treatment program, whichever is earlier.

IT IS SO ORDERED.

Dated: September 19, 2022         *s/     James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE